# GOMBERG LEGAL, P.C.

1001 Avenue of the Americas, #1222  Tel. (914) 525-4392
New York, NY 10018  GombergLegalPC@gmail.com

*Stanislav Gomberg, Esq.*
*Lead Attorney*
*Admitted in*
*EDNY, SDNY, NY & NJ*

Via ECF:  01/23/2019
Honorable Judge Denis R. Hurley
United States District Court Judge
Magistrate Judge A. Kathleen Tomlinson
United Stated District Court
Eastern District of NY
100 Federal Plaza
Central Islip, New York 11722

Re:     ***Pre-Motion Conference Letter***
*Request for Order to Proceed Anonymously and for Leave to Refile Plaintiff's Complaint Without Plaintiff's Identifying Information*
Case No.: 2:19-cv-00014-DRH-AKT  - *DOE v. HAAS, et. al.*

Honorable Judge Denis R. Hurley,

   The Undersigned represents the Plaintiff in the recently filed above-captioned matter. Plaintiff files this pre-motion conference letter seeking an Order granting Plaintiff leave to proceed anonymously, specifically under the pseudonym "John Doe" as well as allow nonparties named within the Complaint to proceed under pseudonyms, namely as "BG" and "AH." Furthermore, Plaintiff is seeking leave to re-file the Complaint (*See* ECF Doc #1) without the currently filed last page, which contains information identifying Plaintiff. This last page is a verification page meant for delivery to Defendants, but which was filed in error by Plaintiff's Undersigned counsel.

   Plaintiff respectfully requests this honorable Court enter an Order for the above-referenced relief on the basis of preserving the substantial privacy interest of Plaintiff (and the non-parties named pseudonymously within the Complaint), or, in the alternative, pursuant to § 50-b of the New York Civil Rights Law.

   In determining whether to allow Plaintiff to proceed anonymously, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189 (2d Cir. 2008). Factors that courts look toward include:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory

physical or mental harm to the . . . party or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;  (7) whether the plaintiffs identity has thus far been, kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id* at 189.

In this case, the factors certainly swing in favor of granting Plaintiff's application. (1) Plaintiff alleges being a victim of non-consensual intercourse, and to Defendant wrongly finding Plaintiff responsible for non-consensual intercourse, both of which require the disclosure of very intimate information; (2) In light of current events and retaliations occurring in the public sphere regarding sexual misconduct claims, Plaintiff would be at risk of retaliatory physical and mental harm; (3) Plaintiff is a young college student who could incur lasting damage to his reputation and immediate harm in his academic pursuits; (4) Public disclosure of Plaintiff's identity in relation to the Complaint's allegations may result in danger to Plaintiff of retaliation, or widespread defamation; (5) Plaintiff is suing a governmental entity; (6) Defendant would not be prejudiced by allowing Plaintiff to proceed pseudonymously; (7) The underlying proceeding Plaintiff seeks relief from is a Title IX Sexual Misconduct Hearing which has sought to preserve confidentiality; (8) The public's interest would not be furthered by requiring Plaintiff to disclose his identity; (10) The Undersigned is unaware of any alternative mechanisms for protecting the confidentiality of Plaintiff herein.

Alternatively, Plaintiff would request this honorable Court permit Plaintiff to proceed pseudonymously based on New York's Civil Rights Law § 50-b which in relevant part states: "The identity of any victim of a sex offense, as defined in article one hundred thirty….of the penal law…shall be confidential." Plaintiff, as described in his Complaint, is an alleged victim of a sex offense pursuant to § 50-b of New York's Civil Rights Law.

Accordingly, Plaintiff respectfully requests this honorable Court grant the relief requested, without opposition from Defendants, and grant Plaintiff leave to proceed anonymously by the pseudonym John Doe; for the non-parties named in the Complaint to similarly proceed with pseudonyms included within the Complaint of "BG" and "AH"; and for leave to re-file Plaintiff's Complaint without its current last page.

Respectfully Submitted,

_s/ Stanislav Gomberg_
*Stanislav Gomberg, Esq.*
*Gomberg Legal, P.C.*
*Attorney for Plaintiff*