UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN DOE,

                    Plaintiff,

- against -

TRACY HAAS, SUZANNE SHANE, and the
STATE UNIVERSITY OF NEW YORK AT
STONY BROOK,

                    Defendants.
----------------------------------------------------------------X

Index No. 19 CV 00014
(DRH)(AKT)

STIPULATION OF SETTLEMENT,
GENERAL RELEASE, &
ORDER OF DISMISSAL

STIPULATION OF SETTLEMENT, GENERAL RELEASE & ORDER OF DISMISSAL ("the Agreement") made by and between JOHN DOE, ("Plaintiff") and STATE UNIVERSITY OF NEW YORK AT STONY BROOK ("Defendant"):

WHEREAS, Plaintiff commenced this action by filing a Complaint on or about January 2, 2019, alleging, <u>inter alia</u>, claims that Plaintiff's procedural due process rights under the Fourteenth Amendment and 42 U.S.C. §1983 were violated, and that he was discriminated against based upon his sex/gender in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.* ("Title IX") against Defendants in the above-captioned action ("the Action"); and

WHEREAS, an Amended Complaint having been filed on or about March 20, 2019; and

WHEREAS, this Court issued a Memorandum and Order on December 19, 2019, dismissing certain claims as against individual defendants TRACY HAAS and SUZANNE SHANE as well as the STATE UNIVERSITY OF NEW YORK AT STONY BROOK which rendered it the sole remaining Defendant in the Action; and

1

WHEREAS, Defendant expressly denies any wrongful conduct or liability, or violation of any federal, state or local statute, ordinance or law, in this matter whatsoever; and

WHEREAS, Plaintiff and Defendant desire to fully resolve the Action and any and all other disputes, whether known or unknown, between them without further litigation and without admission of fault or liability;

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations and other consideration contained in this Agreement, Plaintiff and Defendant hereby stipulate and agree as follows:

1. **Dismissal of the Action with Prejudice.** The Action against Defendant is hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a) and without payments, attorney's fees, costs, disbursements or expenses in excess of the amounts specified in paragraphs 2 and 3 of this Agreement.

2. For and in consideration of dismissal of the Action against Defendant with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendant shall cause the Plaintiff's academic transcript to be provided, to Plaintiff and/or any duly authorized requesting entity, institution or individual, without notation of the disciplinary record arising from the circumstances that are the basis of this Action.

3. **Payment to Plaintiff.** For and in consideration of dismissal of the Action against Defendant with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendant shall cause the following sum to be paid in full and complete satisfaction of all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against Defendant arising out of conduct, acts or omissions prior to and as of the date of this Agreement including but not limited to those asserted in the Action:

a. To Plaintiff, a single payment for counsel fees of 68,666.02 (Sixty-Eight Thousand, Six Hundred Sixty Six Dollars and Two Cents) shall be issued. The foregoing payment shall be made payable to the order of Stanislav Gomberg Esq. at Gomberg Legal, P.C., 1001 Avenue of the Americas, Suite 1222, New York, New York 10018. These sums shall be paid in full and complete satisfaction of all claims, including claims for attorney's fees, costs, disbursements and expenses incurred by Plaintiff for any and all counsel who have at any time represented Plaintiff in the Action as well as in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences or omissions asserted in the Action. The attorneys for the plaintiff both current and previously retained do hereby release and waive any lien for services upon the above-named plaintiff's cause of action, claim, verdict, report, judgment, determination, or settlement in favor of said plaintiff and/or incompetent which they have thereon under and by virtue of Section 475 of the Judiciary Law or otherwise. The attorneys for plaintiff further represent that there is no other entity, or attorney, pursuant to the provisions of Section 475 of the New York Judiciary Law, having a lien for services rendered to claimant or otherwise, or action alleging any of the acts, transactions, occurrences or omissions asserted in the Action.

4. **State Approval.** The terms of paragraphs 3 of this Stipulation including regarding payment of fees and costs are subject to the approval of all appropriate state officials, including, with respect to payment, the New York State Comptroller, in accordance with the provisions of New York Public Officers Law Section 17.

5. **Accrual of Interest.** In the event that the payments referenced in paragraph 2 of this Agreement have not been made by the one hundred twentieth day after receipt by the New York State Department of Law of a "So Ordered" copy of this Agreement, endorsed by a

judge and entered into the record, interest on any of the sums not paid by the one hundred twentieth day shall begin to run on the one hundred twentieth first day at the statutory rate pursuant to 28 U.S.C. § 1961.

6. **Indemnification for Tax Liability.** Plaintiff shall bear any tax liability regarding the payments described in paragraph 3 of this Agreement. In the event that any taxing authority or any other federal, state or local government, administrative agency or court issues a final determination that Defendants are liable for the failure of Plaintiff and/or their attorneys to pay federal, state or local income or other taxes or withholdings with respect to any portion of the payments referred to in paragraph 3, or are liable for interest or penalties related thereto, Plaintiff and her attorneys agree to reimburse and indemnify Defendants for such liability in excess of the amount of any taxes withheld with respect to any portion of the payments referred to in paragraph 2, so long as said persons have been provided with notice of any such claim or proceeding against Defendants promptly following receipt of notice of such claim or proceeding by Defendants. Notice to Stanislav Gomberg Esq. at Gomberg Legal, P.C., 1001 Avenue of the Americas, Suite 1222, New York, New York 10018 shall constitute sufficient notice under this paragraph.

7. **General Release in Favor of Defendants.** For and in consideration of the provisions referenced in paragraph 3 of this Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Agreement, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors and assigns (collectively "the Releasing Parties"), hereby releases and forever discharges Tracy Haas, Suzanne Shane, State University Of New York At Stony Brook and all of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators

and assigns, including but not limited to the named Defendants (collectively "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter or thing whatsoever up to and including the date of this Agreement, including but not limited to: (a) any and all claims regarding or arising out of the acts, transactions, occurrences or omissions which are described, alleged or contained in the Action; (b) any and all claims regarding or arising directly or indirectly from either Plaintiff's matriculation and/or association with any of the Released Parties or the termination thereof ; (c) any and all claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances, or orders, including but not limited to claims under 42 U.S.C. § 1981; 42 U.S.C. § 1983; Titles I and II the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et.seq.; the New York State Human Rights Law, New York Executive Law Article 15 and any other New York State law; the United States Constitution; and the New York State Constitution; (e) any and all other claims, whether for moneys owed, damages (including but not limited to claims for equitable relief, compensatory, punitive or other damages), breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, infliction of emotional distress, tortious interference with contract, tortious interference with business relations, tortious interference with prospective contractual relations, tortious interference with prospective business relations, violation of public policy, wrongful or constructive discharge, or any other tort, or any claim for costs, fees, or other expenses, including

attorney's fees, or any other claims under federal, state, or local law relating to employment, or otherwise. This release also includes a waiver and release of any claims related to allegations made against the State of New York, its agencies, departments and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any the transactions, acts, omissions or occurrences up to and including the date of this Agreement.

8. By signing this Agreement, Plaintiff acknowledges and agrees that: (a) he has been afforded at least twenty-one (21) days for review, deliberation, and negotiation of the terms hereof; (b) he has been advised to consult with an attorney of his choice before signing this Agreement and he, in fact, has had ample opportunity to do so; (c) he has carefully read and understands the terms of this Agreement; (d) he has signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge and understanding of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder; (e) in exchange for executing this Agreement and releasing any and all claims, Plaintiff is receiving consideration to which P laintiff is not otherwise entitled and which he would not otherwise receive, and (f) the only consideration for signing this Agreement is set forth herein, and no other promise, agreement or representation of any kind has been made to Plaintiff by any person or entity to cause Plaintiff to sign this Agreement.

9. **No Other Action Commenced.** Other than the Action, Plaintiff represents that he has not commenced, maintained or prosecuted any action, charge, complaint or proceeding of any kind against The State of New York, or against the Defendant, or any of SUNYSB's divisions, employees and/or agents, on their own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that currently is pending in any court, or before any administrative or investigative body or agency, and acknowledges that

this representation constitutes a material inducement for Defendant to enter into this Agreement.

10. **No Prevailing Party.** Neither Plaintiff nor Defendant shall be deemed a "prevailing party" for any purpose, including but not limited to any statutory or contractual claim based upon "prevailing party" status, with respect to the Action.

11. **Successors and Assigns.** The terms and conditions of this Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

12. **Authority.** Each signatory to this Agreement hereby represents and warrants that he, she or it has the requisite authority to enter into this Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Agreement.

13. **Voluntary Agreement.** Each of the parties hereto executes and delivers this Agreement voluntarily after being fully informed of its terms, contents and effect, and acknowledges that she, he or it understands its terms, contents and effect. Each of the parties hereto acknowledges that she, he or it is aware, and is advised, of her, his or its right to seek the advice of an attorney and that she, he or it has been represented by counsel of her, his or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

14. **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of wrongdoing or liability on the part of SUNYSB, or any of its

employees; and that Defendant expressly denies any wrongdoing or liability. Nothing contained in this Agreement shall be deemed to constitute a policy or practice of SUNYSB or the State of New York.

15. **No Precedential Value.** This Agreement shall not in any manner be construed as determinative of the issues raised in the Action or any other proceeding and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Agreement shall not bind or collaterally estop Defendant, any constituent unit thereof or the State of New York in pending or future actions or proceedings, in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

16. **Entire Agreement.** This Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto with respect to the subject matter of this Agreement, and may not be clarified, modified, changed or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

17. **Governing Law.** The terms of this Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to Plaintiff's release and waiver of federal claims pursuant to paragraph 8 of this Agreement.

18. **Severability.** If any provision of this Agreement shall be held by a court of competent jurisdiction to be invalid, void or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

19. **Headings.** The headings contained in this Agreement are for convenience of reference only and are not a material part of this Agreement.

DATED:    Hauppauge, New York
              April 22, 2021

Approved and consented to:

LETITIA JAMES
Attorney General of the State
of New York
Attorney for Defendants

*/s/ Susan M. Connolly/*
BY: SUSAN M. CONNOLLY
Assistant Attorney General
300 Motor Parkway, Suite 230
Hauppauge, New York 11788
Tel. (631) 231-2424


GONBERG LEGAL P.C.
Attorneys for Plaintiff

*/s/ Stanislav Gomberg/*
BY: STANISLAV GOMBERG, ESQ.
1001 Avenue of the Americas, Suite 1222,
New York, New York 10018
Tel. (914) 525-4392


SO ORDERED:

_____
DENIS R. HURLEY
United States District Judge